UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 15cr2591-BEN |
|---|---|
| Plaintiff, | |
| vs. | ORDER DENYING MOTION TO SUPPRESS |
| SCOTT V. WAGUESPACK, | |
| Defendant. | |

Now before the Court is Defendant's motion to suppress. Defendant seeks to suppress statements and computer evidence. The motion is denied.

**I. Background**

Defendant Scott Victor Waguespack was arrested on a two-count complaint alleging violations of 18 U.S.C. § 2252(a)(2), Distribution of Child Pornography, and 18 U.S.C. § 2252(a)(4)(B), Possession of Child Pornography. Waguespack is suspected of distributing images using email addresses "svscruffy@gmail.com" and "macdaddy1977@mail.com" and an Internet Protocol (IP) address of 98.176.82.106 with a listed service address of 610 Flintridge Place, Escondido, California.

Three Homeland Security law enforcement officers went to the Escondido address on January 28, 2015 to investigate. They used a technique known as a knock and talk. They talked with Defendant. They carried away two Dell

computers alleged to belong to Defendant. Approximately nine months later, ten officers dressed in tactical gear returned to the address and placed Defendant under arrest.

Defendant has provided a sworn declaration in support of his motion.[1] Defendant argues that his Fourth and Fifth Amendment rights were violated during the January encounter. Specifically, he argues that he did not freely and knowingly consent to talk with officers and he did not freely consent to the search of his two Dell computers.[2] An evidentiary hearing was held at which two officers testified. These were two of the three officers that went to Defendant's home in January and conducted the knock and talk. Defendant did not testify. Additionally, an audio recording of the questioning of Defendant at the January knock and talk was offered into evidence.

Having now heard all of the evidence, the Court finds that Defendant freely, voluntarily, and intelligently consented to have the officers enter his house and talk and freely, voluntarily, and intelligently consented to the seizure and search of his two Dell computers and email accounts. *Miranda* warnings were given and Defendant indicated he understood his rights. He was neither physically nor psychologically coerced or threatened. The officers wore plain clothes and though armed, their firearms were covered. They did not shout or threaten with loud commands. The officers reminded Defendant that he was not under arrest and could leave if he wanted. The Defendant acknowledged that he had computers and that he had child pornography on the computers. The Defendant voluntarily showed officers where his bedroom was located (which was in the garage). There was no

---

[1] Southern District of California Local Rule 47.1(g)(1) requires a declaration. "Criminal motions requiring a predicate factual finding must be supported by declaration(s) . . . . The court need not grant an evidentiary hearing where either party fails to properly support its motion or opposition."

[2] It does not appear that Defendant is contending that the computers were unlawfully seized. Rather, the contention is that evidence found should be suppressed because his consent to search the computers was not freely given.

evidence suggesting the two Dell computers that were seized were anywhere other than in plain sight of the officers viewing the bedroom area. He was not deprived of sleep or sustenance. There is nothing to indicate that Defendant's will was overborne or that he was especially vulnerable. His *Miranda* waiver was voluntary; his statements were voluntary; his consent to search the computers and use his email was voluntary. The motion to suppress is denied.

## II. Discussion

A warrantless search is unconstitutional unless the government demonstrates that it falls within an exception to the warrant clause. Consent is one such exception. "[A warrantless] search conducted pursuant to a valid consent is constitutionally permissible." *Schneckloth v. Bustamonte,* 412 U.S. 218, 222 (1973). Whether consent to search was voluntarily given is determined from the totality of the circumstances. *Schneckloth,* 412 U.S. at 227. The government bears the burden of proving that consent was voluntary. *United States v. Brown*, 563 F.3d 410, 415 (9th Cir. 2009) (citation omitted). To decide whether a consent to search was voluntary, the Ninth Circuit uses five factors as "guideposts" (rather than as a mechanized formula) where no one factor is determinative. *Id.* (citations omitted). These factors are: (1) whether the consenting individual was in custody; (2) whether the arresting officers had their guns drawn; (3) whether *Miranda* warnings were given; (4) whether the individual was notified that he had a right to withhold consent; and (5) whether the individual had been told a search warrant could be obtained. *Id*. In addition to these five factors, "a court must look at the 'possibly vulnerable subjective state of the person who consents.'" *United States v. Soriano*, 361 F. 3d 494, 502 (9th Cir. 2003).

"With respect to the first factor, a seizure occurs when, taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business." *Brown*, 563 F.3d at 415 (citations omitted). In

1  *Brown*, the individual giving consent was approached by five or six officers with
2  guns drawn and was ordered to the ground, handcuffed, and patted down for
3  weapons in a public setting. *Id.* After the individual was uncuffed, she was told
4  that she was not under arrest. She then consented to a search of her residence.
5  *Brown* concluded she was not in custody. *Id.*

6  Waguespack was approached by three officers in plain clothes knocking on
7  his door. No guns were drawn. No guns were even visible. Waguespack was not
8  ordered to take any position. He was not patted down. He was not handcuffed.
9  Instead, Waguespack consented to have the three officers enter his living room and
10 answer questions. He was told that he was not under arrest and was free to leave.
11 The officers used a calm voice rather than a loud command voice when speaking.
12 The first and second factors point to a finding of voluntary consent.

13 As to the third and fourth factors, Waguespack was given *Miranda* warnings
14 midway through the encounter and he was told numerous times that he was not
15 under arrest and was free to leave. These factors also point to a finding of voluntary
16 consent.

17 Regarding the fifth factor, nothing was said about most aspects of the
18 interaction, *i.e.*, the initial entry into the house, the questioning of Waguespack, or
19 the walk through the house to Waguespack's bedroom area in the garage. The
20 knock and talk with Waguespack was predominantly, if not entirely, consensual. It
21 was similar in all relevant respects to the knock and talk investigation described and
22 approved in *United States v. Cormier*, 220 F.3d 1103, 1110 (9th Cir. 2000)
23 ("Several factors support the district court's finding that the encounter was entirely
24 consensual. First, Cormier was confronted by only Peters when he opened the door
25 and she was dressed in plain clothes. In addition, Peters never displayed her
26 weapon during the entire encounter, further illustrating that she did not employ
27 physical force or official authority to gain entry into the room. Third, Peters never
28 spoke to Cormier in an authoritative tone or led him to believe that he had no choice

other than to answer her questions.  Furthermore, Cormier failed to present any evidence that he ever attempted to terminate the encounter with Peters or that he was not entitled to do so.  Finally, there was no testimony to indicate that Cormier was not at liberty to ignore the police presence and go about his business.  These factors combined with the amicable nature of the encounter support the district court's finding that Cormier was not seized.") (citations omitted).  Once Waguespack told the officer that he had exchanged child pornography and that he used the two computers in his bedroom area to do it, the officer did tell Waguespack that his computers and email accounts would be searched regardless of whether he consented.  Nevertheless, Waguespack signed a written consent to search his computers.  And while he did not sign the form to use his email, he did express a desire that the officers use his email to catch the producers of the pornography.

      Finally, regarding whether Waguespack was in a "possibly vulnerable subjective state," *Soriano*, 361 F. 3d at 502, there is no evidence that he would have been placed in an especially difficult position had he withheld consent.  In *Soriano,* the officers threatened to arrest the defendant's girlfriend and remove her two small children to protective custody, yet the threat did not vitiate her written consent to search.  *Id*. at 500.  Waguespack faced no such dilemma.

      In his declaration, Waguespack describes a much different scenario than that described by the officers at the evidentiary hearing.  But he did not testify at the hearing.  He may well have conflated details of his arrest nine months later with details of the initial knock and talk.

      Having heard the testimony and having considered all of the factors and the totality of all the circumstances, the Court finds that Waguespack freely and voluntarily consented to the officers: (1) entering the house; (2) entering his bedroom area in the garage; (3) questioning him about child pornography; (4) searching his two Dell computers for child pornography; and (5) assuming his identity through use of his email address(es) to investigate others involved in

producing child pornography.

## III. Conclusion

Defendant's motion to suppress evidence is denied.

DATED: July 22, 2016

_____
Hon. Roger T. Benitez
United States District Judge